## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MORRIS SPEIGHT-BEY,** | : |
| **Petitioner** | : CIVIL ACTION NO. 3:23-0755 |
| v | : (JUDGE MANNION) |
| **MS. OBELINDA GOLDSON,** | : |
| **Respondent** | : |

### MEMORANDUM

### I.   Background

Morris Speight-Bey, a former inmate confined in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill"), Minersville, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 2, petition).

Speight-Bey challenges a November 29, 2022, decision issued by the United States Parole Commission, revoking Petitioner's term of supervised release, based on a technical parole violation and new criminal activity. Id. The commission imposed a twenty-four-to-thirty-two-month sentence to be served. Id. For relief, Speight-Bey seeks to have his new sentence overturned and be immediately released. Id.

A review of the Federal Bureau of Prisons Inmate Locater reveals that Speight-Bey was released from FCI-Schuylkill custody on August 23, 2023. See https://www.bop.gov/inmateloc/.

For the reasons set forth below, the instant petition will be dismissed as moot.

## II. Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or

2

controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because Speight-Bey has been released from custody, his habeas petition has been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008).

### III.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

**MALACHY E. MANNION**
**United States District Judge**

Date: October 10, 2023
22-0755-01

3